matter number 171181 and number 181047 United States v. William Noel Morales-Negron Good morning, your honors. May it please the court. Franco Perez appearing for the appellant Mr. William Morales-Negron. May I please reserve two minutes for rebuttal? Yes. Thank you. There are two reasons why this court should rule in favor of Mr. Morales. First, the upwardly variant sentence that he received was premised on faulty fact-finding. And second, district court impermissibly denied access to the Statement of Reasons form. Now before addressing the sentencing issue, I would like to briefly touch on why it was error to deny access to the SOR form. The first point that bears noting is that the SOR serves much more than a mere administrative purpose. It is much more than a mere administrative document. The legislative history of the Sentencing Reform Act confirms this. When Congress enacted Section 3553C's requirement that the basis for sentencing be written down, yes, it had administrative purposes in mind. For instance, allowing the Sentencing Commission to re-examine the guidelines and policy statements, but also to inform the defendant and the public of the basis for the reason imposed and significantly to allow for rational, reviewable sentencing. Even if the SOR was originally conceived as an administrative document, the truth is that in practice it serves a much more substantive purpose. In practice, if there's any variance between what's written in the SOR and what's said on the transcript at sentencing, the latter controls, doesn't it? Right. And suppose no SOR is filled out at all. Would a defendant have any basis for an appeal? Well, I think it would depend on, there is conflicting case law from this court on that score. And originally, this court in Mediani-Sac, for instance, stated that it could be a procedural error. There is some case law that has come later on that seems to doubt that holding. However, the truth of the matter is that when the sentencing record is ambiguous, the court will turn to the SOR form, as I said, as this court did in Mediani-Sac. And it is also a very useful form for counsel to have, particularly at the post-conviction stage. So take the ambiguity. What is there ambiguous about the sentence here and the reasons for the sentence that an SOR could conceivably clarify in a way that would be helpful to your client? In other words, give me an example of what there might be in the SOR that could help your client. Well, that is the main problem here. Because we do not have access to it. As you can imagine, there has to be some possibility or else why do we care? We care because, as I said, it is an important document that can later on take on much greater significance than it is attributed at the time. If for some reason a document is missing later on or there is no sentencing transcript, the court will turn to the SOR. But in this case, we have a sentencing transcript. You are not pointing to any document that is missing. So I would like to really press the question, what can you conceivably think of could be in this SOR that would in any way affect your client's sentencing or our ruling concerning the sentencing? Well, again, I don't have access to it so I couldn't tell you, Your Honor. But however, the form itself could further clarify what the court found important in its sentencing. And also, what we are... And what clarification could assist you on this appeal? Well, that is the problem. Again, we don't know. And the court... Not even the court can view the document because it is not docketed as mandated by the General Assembly. So you're just positing there could be something relevant in this, but you have absolutely no idea. Having worked on this for a while, you can't even imagine what it might be. Well, the problem, again, is that it's not only that it could have this useful information. It's also the denial of access itself. We are not claiming that it is procedural error that warrants vacation of the judgment. We are saying that denial of the form is itself the error. Suppose the trial judge spoke to one of her colleagues or his colleagues about, here's the reason I sentenced the case. Could we call that colleague as a witness? Would you have the right to access that information as to what she said to her colleague about a sentence? But that is the main difference. I'm not sure. The colleague isn't part of the judicial proceedings or the judicial document as it is in the case of the SOR form. And so the government then claims that we are relying on the statutory language or on the standing order that governs access to the form as if we were claiming... I'm sorry. That does not confer defendants with an absolute right to access this form. However, that argument has got it backwards because under the First Amendment, the district court can't simply impose blanket viewing restriction on these class of documents. And I think that is, if not for the sentence issue, then there is certainly error in denying it on that ground. So we would ask the court to either provide guidance to the lower court on these matters, because again, this is a very important question to the defense bar here locally. And I think after this decision, we've noticed a growing trend of other district judges denying access to the form. With regard to the sentencing issue, throughout this decision hearing, the lower court made a series of assumptions and then relied on those assumptions to infer that Mr. Morales-Negron or to link Mr. Morales-Negron with a drug trafficking organization. Before turning to the actual claims that we raised, I do want to clarify the standard of review on this. The government in its brief claims that we waived or forfeited the argument and that the court should review for plain error. However, that is not the case. Counsel lodged contemporaneous objections to the different findings that we are challenging. And after the court imposed its sentence, he reiterated that the court was relying on these assumptions. And I see my time is running out, so I just want to get to the matter of the issue. When the government submitted these documents, it did so to show that Mr. Morales was dangerous, just that he was seen holding this rifle. However, it did not do so to show, to link him to any kind, or at least that is my understanding, to any kind of drug trafficking organization. I believe the word that the prosecutor at this decision hearing uses is, these documents tend to indicate that he may be a part of it. So there is no, at least not any unequivocal declaration from the government that Mr. Morales was in fact linked to the organization. And secondly, the problem with the court relying on the documents is that there is simply, or on the evidence submitted, there is simply not enough for even an inference. It is an assumption built on an assumption. So take the video that is found on his phone at sentencing. Who is the burden on to establish that it got onto the phone one way as opposed to another way? Initially, the burden is on the government to show if it wants the courts to rely on these facts that they are, as they are recommending or proffering that they are.  Yes, of course. And furthermore, the video, just the fact that it is found on his phone, I don't think proves anything. What we find so troubling about this is that it is not a very onerous burden. It is not burdensome to ask the government to submit metadata to prove these facts, and yet it failed to do so. If your honors have no further questions. Thank you. Thank you. May it please the court. Caitlin Paulson on behalf of the United States. With respect to the first issue that counsel raised, the statement of reasons, in this case it is not clear what relief is being sought. I think they are asking for the SOR. They are. Can I answer something on that point? Yes. What is the practice normally for the SOR? Within the District of Puerto Rico, I believe that, it is my understanding that the U.S. Attorney's Office never really opposes a defendant seeking access to the statement of reasons, as was done in this case. The government did not oppose the two motions raised by the defendant for the statement of reasons, and the government still does not oppose the defendant having the statement of reasons. However, this is within the District Court's discretion to determine when the statement of reasons is provided to the defendant. And as the circuit has held, there is no precedent, there is no procedural right to the statement of reasons for a defendant. What does the standing order of the court say as to the SOR? The standing order that was signed in 2017 here in the District of Puerto Rico sets the procedure for how the statement of reasons will be drafted, signed off by the judge. The fourth issue on that standing order that is raised in the defendant's issue says that the court shall provide the statement of reasons to the defendant or government attorneys by court order. So there are two interpretations that were raised on the briefs with regards to how to interpret that specific provision of the standing order. The defendant states that that should be interpreted to say that in every instance that the statement of reasons is sought, the court shall, as in every single time, will provide the statement of reasons and it will do so by court order. The government provided a different interpretation of that provision stating that when the court decides to provide the statement of reasons, it shall issue the statement of reasons by a court order. So those are the two different interpretations. The government is supported by the fact that the chief judge who issued the standing order is the judge in this case who denied access to the statement of reasons. And do you recall what she said at the time she denied? She said, for sentencing and appeal purposes, the grounds upon which a sentence is based are specifically outlined on the record and not reflected within the S.O.R. Which means that she states what is contained in the order, but no one can challenge that because no one else can see it. And she also says, accordingly, the technical discrepancies within the S.O.R. or even the judgment entered are corrected based on the records of the court proceedings. It doesn't make sense to me. Which controls and specifies the criteria for a sentence imposed. Based on that language, do you think there's any reason why it might be of some help to the defense to be able to read it to see what discrepancies she's talking about? Your Honor, the government has never opposed the defendant having access to the statement of reasons. What was my question? So, the government also provided a different interpretation of the reading of that specific order, stating that if there was a discrepancy in the statement of reasons or in the judgment, which the defendant can see, the defendant can see if there is any issue in the judgment, and there was no such discrepancy that was raised, that the sentencing hearing transcript ruled. So, the order doesn't necessarily indicate that there is a discrepancy in either of those two documents, the statement of reasons or the judgment, just that the court is imputing the sentencing hearing with the ultimate authority. And if this court upholds that, it would be in line with other precedent of the circuit, where I believe in U.S. v. Tavares, the district court satisfied the 3553C requirements by... Was there a standing order in Tavares? I believe in Tavares there was no statement of reasons that was provided to the defendant. Was there a standing order? I am not sure if there was a standing order. Does that make a difference? I believe it could make a difference. It depends on what the order says. If the order says... But I think it depends on with regards to how the shall is used. If it says, in every instance that the statement of reasons is asked for by a party of the case, it shall be provided. And then, second sentence, the means by which it will be provided will be by court order. In that instance... Jan, I think that goes back to our initial interpretation of what the order is, which says that the government's interpretation is that it's not in every case that the statement of reasons will be provided, but only in the instance where the court determines that the statement of reasons will be provided, it will do so via court order. If there's a different standing order that says, in every single case, the statement of reasons will be provided, shall be provided, period, that would make a difference. But within this circuit, there is extensive precedent with regards to where there is a sufficient sentencing transcript, any sort of deficient statement of reasons, if a statement of reasons is not even provided, not even written, this court has upheld the sentence. And the defendant concedes that this is not a sentencing issue. Aren't there cases where circuit courts would look at the statement of reasons to shed some light on what otherwise might be an ambiguous or skinny transcript as far as the reasons given by the judge, and in fact have affirmed a sentence based on clarifying the record to show what the judge did? Yes, Your Honor. So there are two cases I would like to point you to. So the first is U.S. v. Milan Isaac, which is a case that was kind of discussed at length in both the defendant and the government's brief. Essentially, in that instance, the sentencing hearing itself was deficient in that the district court did not provide the guidelines range. This court decided on that basis that the sentence should be remanded because there was some confusion about what the district court thought the guidelines range was and what the court ended up sentencing the defendant as. The court, it seemed at certain points, believed that it was sentencing the defendant within the guidelines range, whereas really it was 20 months outside of the guidelines range. So it was based on the sentencing hearing itself that this court made the decision to remand the sentence. However, the court then, in the next paragraph, points to the fact that the statement of reasons is also confusing in and of itself, where the court notes that guidelines range, and it's the correct guidelines range, but also notes that the court sentenced the defendant to a sentence within that range when the court did not. So the court further notes that the statement of reasons does not clarify the sentencing hearing whatsoever, but it wasn't on the basis of the statement of reasons that the court remanded the sentence. But here, don't we have some confusion as to exactly what findings the court made and what weight it gave to those findings regarding the video on the cell phone? And might the statement of reasons clarify and potentially move that issue? For example, your colleague seems not to want to imagine what it could say, but suppose it shows that the court ultimately didn't rely on the video. Then isn't that something that would help clarify the transcript? Your Honor, that would help clarify the transcript. However, in this case, that's not warranted because of the extensive and clear nature of the sentencing transcript. And you think it's clear that the judge found that he took the video? Well, so moving to that point, I don't think that the court did in fact find that it was the defendant who took the video. And this can be found at the sealed appendix 37 and 47. But essentially, the court never finds that it is the defendant who is taking the video. The court merely notes that there is some question about whether the defendant's stating that he didn't take the video. There was some concern about whether there was any proof to support that. But separate and apart, if I may finish, separate and apart from the video, there is substantial evidence that the court relied on while weighing the specific factor. And to contextualize it, this is when the court was discussing the mitigating factors raised by the defendant. The court motioned to the video and to the photos that the government provided of the defendant with a variety of guns. The photographs were never contested. So there are a number of photos, one of which was taken just a little over a month before when the defendant was arrested, where the defendant was holding different types of guns, including a rifle. So that evidence wasn't contested. The court also relied upon the fact that the defendant was a fugitive when he was arrested. The fact that the defendant was found with a machine gun on him was substantial, with several rounds of ammunition, with drugs and with money. So the court relied on a large base of evidence while kind of weighing this mitigating factor. And the court also went into extensive detail about why the factors kind of support this, a sentence that kind of varies upward, and it was case-specific to the defendant. So the opposing counsel made an observation in which he represented that the defense bar has noticed that there's been an increase in refusing to release the SORs to defendants. Does the government have any reason to, any basis upon which to either challenge or endorse that representation? Do you know? Do you have any idea? So I have spoken with the U.S. Attorney's Office about that, and it appears that more recently these statement of reasons while being filed under seal, as is appropriate due to kind of conspirator concerns, co-conspirator concerns and cooperation concerns, they are now being filed publicly. So I believe when this case was docketed, it is not clear on the public docket that the statement of reasons was ever filed. And I think that is because it was filed under seal. However, now when statements of reasons are being filed, they're being filed under seal, but it becomes apparent to anyone looking at the public docket that it was actually filed. So in this case, I don't believe the defendant has asserted that the statement of reasons does or does not exist. I do not know if it does or does not exist. Okay, I'm not asking about this case. And I understand that this point is not in the record, but thank you for clarifying your position. Thank you. So how much time generally passes between the issuance of a sentence and the completion of a statement of reasons? Your Honor, I'm not entirely sure what the standard procedure is in the District of Puerto Rico. I know that there is the 30-day deadline that is required by law. So after the judgment is issued, the court has 30 days to file the statement of reasons. So it seems pretty odd. If the sentence comes down on day one and the judge could hold off on the statement of reasons to issue it on the 30th day, that doesn't seem to fit well with appellate time. I mean, how would someone even appeal what's in the SOR? That's correct. And this is the conclusion that the District of, my apologies, the D.C. Circuit Court came to in U.S. v. Jackson, which is cited in the government brief. But essentially, the court underwent a statutory analysis of the statement of reasons in that case and said, you know, look at the timeframes. Someone has 14 days to appeal the sentence, 14 days to appeal anything. But the statement of reasons doesn't even have to be provided until 30 days after, which indicates to us, in addition to the plain language of the statute, that the statement of reasons is not something that is a basis for appeal. Thank you. Just a couple of quick points, Your Honors. With regard to the question of whether the photographs and the other evidence presented at the sentencing hearing was sufficient to support the sentence, perhaps it would have been sufficient to support it upwardly or within the guideline sentence at the higher end. However, the court, the reason that the video matters is because the district court said that it matters. And what's so troubling about the video itself is that the man whose voice is heard in that video is reprimanding what appear to be two lookouts. And then the court goes on to say or to impute that Mr. Morales had been there the night before, giving them orders to put away the rifle. And I think that is why it is so problematic. Why can't she rely on his voice? She heard his voice in court and she heard his voice on the video. Well, yes. And I'm not sure that the district court initially relied on the voice. It did so at the end, sort of as an afterthought. But that's, again, why it's so problematic that the government doesn't support any evidence. We shouldn't even be relying on a defendant's allocution to make that finding. It is not burdensome at all to ask the government to submit metadata, which it could have obtained and which we know it had access to because it could tell the court on which dates the video was recorded and the picture was taken. With regard to the other issue, the sister counsel mentions that it was within the district court's discretion to deny access to the SOR form. We respectfully disagree with that. And we can think of no compelling reasons why or countervailing reasons why the court would deny access to such a document. The only reason that the SOR is docketed under seal is so, may I just finish my thought? Yes. To prevent, to essentially safeguard cooperating defendants. And when counsel is the person who is requesting the form, there is no danger there. So I would just ask the court to vacate the judgment in this case and at minimum to remand the case with an indication that the district court should grant access to the SOR form. Thank you.